HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEWIS DEAN ARMSTRONG,

                Petitioner,

   v.

UNITED STATES OF AMERICA,

                Respondent.

NO. 2:20-cv-00609-RAJ

ORDER ON PETITIONER'S MOTION FOR RECUSAL

## I. INTRODUCTION

This matter comes before the Court on Petitioner Lewis Dean Armstrong's motion for recusal. Dkt. #5. The Court has reviewed the motion and declines to recuse voluntarily. The Court directs the clerk to refer the motion to the Honorable Ricardo S. Martinez, Chief Judge, in accordance with the District's local rules. Local Rules W.D. Wash. LCR 3(f).

## II. DISCUSSION

Armstrong has asked the undersigned judge to recuse, stating, "He is a close friend of the judge that committed perjury to help cover up the tampering of federal court records and most of all this judge made claim that anything of mine that comes in front of him he will rule against it."

The Court briefly summarizes the proceedings in this matter.

ORDER – 1

On March 12, 2014, after a 3-day jury trial before Judge John C. Coughenour, Armstrong was convicted of one count of aggravated sexual abuse of a child. At sentencing on June 23, 2015, Judge Coughenour granted Armstrong's motion to declare the 30-year mandatory minimum set forth by the Sentencing Guidelines to be unconstitutional in this case, and sentenced Armstrong to a 20-year term of incarceration, with a lifetime of supervised release to follow.

On June 23, 2015, Armstrong appealed the Judgment entered by Judge Coughenour to the Ninth Circuit Court of Appeals. Dkt. #118. On July 21, 2015, the Government filed a cross-appeal of the sentence imposed. Dkt. #125.

On January 13, 2017, the Court of Appeals entered an Order granting Armstrong's motion to remand for the limited purpose of making a competency determination. The case was remanded to the district court for the limited purpose of determining whether Armstrong was competent to understand the nature and consequences of the proceedings against him and to assist properly in his post-conviction proceedings. Dkt. #147.

On January 18, 2017, Judge Coughenour recused himself and the case was assigned to this Court for all further proceedings. Dkt. #148.

On March 6, 2018, this Court held a competency hearing and determined Armstrong was not competent to assist in post-conviction proceedings. Dkt. #188. On March 19, 2018, Armstrong appealed that determination. Dkt. #189.

On May 30, 2018, the Court of Appeals held in abeyance the cross-appeals on the conviction and sentence pending resolution of the appeal of the competency determination. Dkt. #199.

On March 21, 2019, the Court of Appeals entered a Memorandum dismissing the appeal of the competency determination, noting that the Court of Appeals had remanded for a competency determination after the government made an offer to Armstrong to resolve the parties' cross-appeals of his conviction and sentence. Since the district court

ORDER – 2

made its incompetency finding, however, the parties stipulated that the government had withdrawn its offer. Accordingly, the Court of Appeals concluded the appeal of the competency determination was moot because the offer was withdrawn, dismissed that appeal, and lifted the stay on the parties' related cross-appeals. Dkt. #204.

On July 26, 2019, Armstrong filed a pro se "Motion for Competency Hearing." Dkt. #207. On August 16, 2019, the Court entered an order declining to entertain and striking Armstrong's pro se motion on the grounds that because Armstrong was represented by counsel, only counsel was permitted to submit filings. Dkt. #209.

On September 6, 2019, Armstrong filed a second pro se "Motion for Competency Hearing." Dkt. #210. On September 19, 2019, the Court entered an order again declining to entertain and striking Armstrong's pro se motion on the same grounds as the earlier order. Dkt. #211.

On April 3, 2020, the Court of Appeals affirmed in part and reversed in part Armstrong's appeal of his conviction of aggravated sexual abuse of a minor and the government's appeal of Armstrong's sentence. Armstrong's conviction was affirmed, but the Court of Appeals found that the sentencing court erred in determining that the mandatory minimum sentence under 18 U.S.C. § 2241(c) violated the Eighth Amendment.

On May 18, 2020, Armstrong filed a Petition for Rehearing with Suggestion for Rehearing En Banc with the Court of Appeals, which petition remains pending.

Two statutes enumerate reasons that a judge might recuse: 28 U.S.C. § 144 and 28 U.S.C. § 455. The first requires a demonstration of "a personal bias or prejudice either against [the litigant seeking recusal] or in favor of any adverse party . . . ." 28 U.S.C. § 144. The second requires disqualification "in any proceeding in which [the judge's] impartiality might reasonably be questioned," or in a series of specific

circumstances, including when the judge has a "personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) & (b)(1).

Both 28 U.S.C. § 144 and § 455 impose the same substantive standard for recusal: "Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonable be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). In the seven-year history of this case, this Court's involvement was limited in scope to a determination on the very narrow issue of Armstrong's competency to assist in post-conviction proceedings. The undersigned judge finds no objective basis on which a reasonable person might question his impartiality.

The sole reason the Petitioner looks for this Court to recuse itself is because of his claim that the undersigned is a "close friend" of the Honorable John C. Coughenour. That is an accurate statement but fails to consider that the Court is close friends and a colleague with all of the judges in this District. That is certainly no reason to justify recusal.

### III.  CONCLUSION

For the reasons stated above, the Court declines to voluntarily recuse from this action, and directs the clerk to refer Petitioner's motion for recusal (Dkt. # 5) to the Honorable Ricardo S. Martinez, Chief Judge, in accordance with Local Rules W.D. Wash. LCR 3(f).

DATED this 28th day of May, 2020.

　　　　　　　　　　　　　　　　　　*Richard A. Jones*
　　　　　　　　　　　　　　　　　　The Honorable Richard A. Jones
　　　　　　　　　　　　　　　　　　United States District Judge

ORDER – 4