HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEWIS DEAN ARMSTRONG,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 2:20-cv-00609-RAJ

ORDER GRANTING UNITED STATES' MOTION TO DISMISS PETITIONER'S SECTION 2255 MOTION WITHOUT PREJUDICE

## I. INTRODUCTION

Before the Court is Respondent's Motion to Dismiss Petitioner's Section 2255 Motion Without Prejudice. Dkt. # 6. For the reasons below, the motion is **GRANTED**.

## II. BACKGROUND

Petitioner Lewis Dean Armstrong was previously charged and convicted for aggravated sexual abuse of a child in violation of 18 U.S.C. §§ 1153, 2241(c), 2246(2)(B). *U.S. v. Armstrong*, No. 2:13-cr-00322-RAJ-1 (W.D. Wash. June 19, 2020) (Dkt. ## 13, 52). At sentencing, Judge John C. Coughenour sentenced Mr. Armstrong to a 20-year term of incarceration, with a lifetime of supervised release to follow. *Id.* (Dkt. # 115). Judge Coughenour determined that the thirty-year mandatory sentence would be unconstitutional as applied to this case. *Id.* (Dkt. # 117).

Both Mr. Armstrong and the government appealed the judgment to the Ninth Circuit Court of Appeals. *Id.* (Dkt. ## 118, 125). The Ninth Circuit reversed the

ORDER – 1

judgment, in part, holding that the "district court erred in determining that the mandatory minimum sentence under 18 U.S.C. § 2241(c) violated the Eighth Amendment" and that the mandatory minimum sentence was in fact proportionate. *Id.* (Dkt. # 218 at 5-6). Two months later, the Ninth Circuit issued its mandate. *Id.* (Dkt. # 221). Following appeal, this Court has not yet resentenced Mr. Armstrong or amended his previous judgment. Mr. Armstrong's resentencing is currently scheduled for October 23, 2020.

After receiving the Ninth Circuit's decision but before receiving the mandate, Mr. Armstrong filed this action, moving to vacate, set aside, or correct his sentence under 18 U.S.C. § 2255. Dkt. # 1. The government argues that the Section 2255 motion is premature and moves to dismiss the motion without prejudice.

## III.  DISCUSSION

The Ninth Circuit's decision in *United States v. LaFromboise*, 427 F.3d 680, 686 (9th Cir. 2005), provides clear guidance here:

> Until the district court enters an amended judgment of conviction, [the petitioner]'s § 2255 motion is in fact premature, rather than untimely. In *Feldman v. Henman*, we held that federal prisoners must exhaust appellate review prior to filing for habeas relief in the district court. 815 F.2d 1318, 1321 (9th Cir. 1987). The district court "will not review a section 2255 motion until the direct appeal is resolved." *United States v. Pirro*, 104 F.3d 297, 298 (9th Cir. 1997). [The petitioner]'s [re]sentenc[ing] on the counts of conviction, yet to be determined by the district court, will be subject to direct appeal. *Streit*, 17 F.3d at 308. Once the new judgment is entered, [the petitioner] may or may not choose to appeal-but until direct appellate review is exhausted the district court may not entertain a motion for habeas relief. *Feldman*, 815 F.2d at 1320-21.

Since the Ninth Circuit reversed and remanded to this Court, Mr. Armstrong has yet to be resentenced, and the Court has not yet amended its previous judgment. Once those events occur, Mr. Armstrong will be able to challenge the judgment by direct appeal if he chooses. After direct appellate review is exhausted, Mr. Armstrong's motion will become ripe for the Court. Until then, it is premature and dismissed without prejudice.

ORDER – 2

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Respondent's Motion to Dismiss Petitioner's Section 2255 Motion Without Prejudice.  Dkt. # 6.

DATED this 14th day of September, 2020.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 3