HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEWIS DEAN ARMSTRONG,

      Petitioner,

    v.

UNITED STATES OF AMERICA,

      Respondent.

Case No.  2:20-cv-00609-RAJ

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

## I.   INTRODUCTION

This matter comes before the Court on a referral notice from the Ninth Circuit Court of Appeals.  Dkt. # 32.  That notice instructed this Court to grant or deny Petitioner Lewis Dean Armstrong a certificate of appealability.  Dkt. # 32.  For the reasons below, the Court **DENIES** Mr. Armstrong a certificate of appealability.

## II.   DISCUSSION

### A.   Procedural History

On April 18, 2020, Mr. Armstrong filed a habeas petition in this action under 28 U.S.C. § 2255.  Dkt. # 1.  In that petition, he sought to vacate, set aside, or correct his sentence in a separate, criminal action, *U.S. v. Armstrong*, No. 2:13-cr-00322-RAJ-1 (W.D. Wash. June 19, 2020) (Dkt. ## 13, 52).  *Id.*  The government later moved to dismiss the petition.  Dkt. # 6.  It argued that the petition was premature under *United States v. LaFromboise*, 427 F.3d 680 (9th Cir. 2005).  *Id.*

The Court agreed and dismissed Mr. Armstrong's petition without prejudice

ORDER – 1

because it was premature.  Dkt. # 25.  The Court explained:

> Petitioner Lewis Dean Armstrong was previously charged and convicted for aggravated sexual abuse of a child in violation of 18 U.S.C. §§ 1153, 2241(c), 2246(2)(B).  *U.S. v. Armstrong*, No. 2:13-cr-00322-RAJ-1 (W.D. Wash. June 19, 2020) (Dkt. ## 13, 52).  At sentencing, Judge John C. Coughenour sentenced Mr. Armstrong to a 20-year term of incarceration, with a lifetime of supervised release to follow.  *Id.* (Dkt. # 115).  Judge Coughenour determined that the thirty-year mandatory sentence would be unconstitutional as applied to this case.  *Id.* (Dkt. # 117).

> . . . The Ninth Circuit reversed the judgment, in part, holding that the "district court erred in determining that the mandatory minimum sentence under 18 U.S.C. § 2241(c) violated the Eighth Amendment" and that the mandatory minimum sentence was in fact proportionate.  *Id.* (Dkt. # 218 at 5-6).  Two months later, the Ninth Circuit issued its mandate.  *Id.* (Dkt. # 221).  Following appeal, this Court has not yet resentenced Mr. Armstrong or amended his previous judgment.  Mr. Armstrong's resentencing is currently scheduled for October 23, 2020.

> After receiving the Ninth Circuit's decision but before receiving the mandate, Mr. Armstrong filed this action, moving to vacate, set aside, or correct his sentence under 18 U.S.C. § 2255.  Dkt. # 1. . . .

> . . . .

> Since the Ninth Circuit reversed and remanded to this Court, Mr. Armstrong has yet to be resentenced, and the Court has not yet amended its previous judgment.  Once those events occur, Mr. Armstrong will be able to challenge the judgment by direct appeal if he chooses.  After direct appellate review is exhausted, Mr. Armstrong's motion will become ripe for the Court.  Until then, it is premature and dismissed without prejudice.

*Id.*

The Court reached that conclusion by applying *United States v. LaFromboise*, 427 F.3d 680 (9th Cir. 2005).  In *LaFramboise*, the Ninth Circuit explained that a district court may not "entertain" a habeas petition until "direct appellate review [has been] exhausted."  *Id.* at 686.  Direct appellate review is "exhausted" only when "*the district court has acted on remand* and the time has passed for appealing the district court's action."  *Id.* at 685 (emphasis in original) (quoting *United States v. Colvin*, 204 F.3d

ORDER – 2

1221, 1226 (9th Cir. 2000)).  Here, given that the Court had not yet resentenced Mr.

Armstrong or amended its previous judgment, the Court had not yet "acted on remand."

Dkt. # 25.  The Court thus concluded that Mr. Armstrong's habeas petition was

premature and must be dismissed.  *Id.*

More than a month later, Mr. Armstrong filed a notice of appeal.  Dkt. # 30.

Though unclear, it appears that he is appealing this Court's dismissal order.  *Id.* at 2 ("I

want to appeal there [sic] denial to [sic] my motions and petitions.").

Observing that this Court has not issued or declined to issue a certificate of

appealability, the Ninth Circuit remanded "for the limited purpose of granting or denying

a certificate of appealability at the court's earliest convenience."  Dkt. # 32.

**B.     Analysis**

The Court declines to issue Mr. Armstrong a certificate of appealability.  Pursuant

to 28 U.S.C. § 2253(c) and *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997),

the Court declines to issue a certificate because the Court's dismissal of Mr. Armstrong's

petition was entirely procedural, not substantive.  The Court has not yet considered the

merits of Mr. Armstrong's petition.  And it has not done so for good reason.  Under

*LaFramboise*, the Court may not "entertain" Mr. Armstrong's petition until he has been

resentenced and appellate review has been exhausted.  Indeed, the Court may even lack

the jurisdiction in the first place.  *LaFromboise*, 427 F.3d at 686 n.9 ("There is some

dispute whether this rule reflects a jurisdictional bar or simply a prudential concern. We

need not resolve this discrepancy, however, because the district court should refrain from

hearing LaFromboise's § 2255 motion until after he exhausts his direct appellate review

rights under either theory." (citations omitted)).

Given the facts of this case, § 2253 is a poor fit, and a certificate of appealability

should not issue.  In *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003), the United States

Supreme Court explained that "a prisoner who was denied habeas relief in the district

court must first seek and obtain a [certificate of appealability]" before a circuit court may

ORDER – 3

1   entertain an appeal.  A certificate will only be issued "if the requirements of § 2253 have

2   been satisfied."  *Id.*  Under § 2253, a petitioner must make a "substantial showing of the

3   denial of a constitutional right."  *Id.*  That requires a petitioner to show that "reasonable

4   jurists could debate whether (or, for that matter, agree that) the petition should have been

5   resolved in a different manner or that the issues presented were adequate to deserve

6   encouragement to proceed further."  *Id.* (internal quotation marks omitted) (quoting *Slack*

7   *v. McDaniel*, 529 U.S. 473, 484 (2000)).

8         To determine whether a petitioner has made a "substantial showing," a court must

9   "look to the District Court's *application* of [the habeas corpus statute] to petitioner's

10  constitutional claims and ask whether that *resolution* was debatable amongst jurists of

11  reason."  *Id.* (emphasis added).  Put differently, "[w]here a district court has rejected the

12  constitutional claims *on the merits*, the showing required to satisfy § 2253(c) is

13  straightforward: The petitioner must demonstrate that reasonable jurists would find the

14  *district court's assessment of the constitutional claims* debatable or wrong."  *Slack*, 529

15  U.S. at 484.

16        Here, the Court has not yet applied the habeas corpus statute, it has not yet

17  assessed Mr. Armstrong's constitutional claims, and it has not resolved his petition on the

18  merits.  Section 2253 hardly applies.

19        Setting that aside and looking at § 2253(c)(2)'s plain terms, Mr. Armstrong has

20  not met his burden.  To date, Mr. Armstrong has made no showing—let alone a

21  "substantial showing"—that he was denied a constitutional right.  28 U.S.C. § 2253(c)(2).

22  He has not done so because his petition was not ripe and because the Court dismissed it

23  without prejudice before it could reach the merits.

24  / / /

25  / / /

26  / / /

27  / / /

28  ORDER – 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.  CONCLUSION

For the reasons stated above, the Court **DENIES** Mr. Armstrong a certificate of appealability.  The Court **ORDERS** the Clerk to forward this order and the record to the Ninth Circuit.


DATED this 5th day of March, 2021.

_____

The Honorable Richard A. Jones
United States District Judge

ORDER – 5